the fourth district appellate court of the state of illinois has now convened the honorable john w turner presiding thank you glad to get the technical difficulties out of the way um we're here on case number four two one zero one nine four people versus fields will council for the uh pellet please identify yourself this is gregory peterson of the office of the state appellate defender i'm here on behalf of jacques fields and council for apple leaf please identify yourself kim not be on behalf of the people in the state of illinois thank you mr peterson you may proceed thank you your honor may it please the court council as just stated this is gregory peterson of the office of the state appellate defender i represent jacques fields in this matter i i want to stress that we stand by all of the arguments in our opening and reply briefs the the stop was pretextual the foyd act is not strict liability and miss fields is not reckless in knowing in not knowing that her foyd had been revoked but i would like to start with the supplemental briefing given the court's uh interest in those questions so the the questions that this court asks as i'm sure it's well aware um go to whether or not the state could have proved and whether the jury was put on notice that the state was trying to prove uh section two one a of the foyd act which is about uh not having possession of a foyd card and i i want to make sure that i i answered this court's questions um sufficiently but the the record is absolutely replete with evidence that she did have her foyd card on um you see that both on the video and on the um the testimony both at the suppression hearing from both miss fields and the officer in question and the officer's testimony at trial um given that the the card was in her possession that eliminates any chance of her being charged with a violation of section two one a which is about not having your card in your possession and that's there from the plain language of the pattern jury instruction um so if this court has any further questions about the supplemental briefing i'd be i'd be happy to ask it otherwise i'd turn to the what was briefed in our opening brief questions so please proceed thank you your honor the the state and i agree in this matter that the foyd act is in the relevant parts silent as to any kind of mens rea requirement and we also agree that this is a felony that we're talking about not a misdemeanor or a petty violation and under the default rules that the illinois legislature has set forward for how statutes of that type are to be construed this court is left with two options one is to say that the statute requires recklessness or more in terms of mens rea the other is to say that the statute um imposes absolute liability strict liability and in order to say that the statute imposes strict liability this court would have to find that the legislature had clearly indicated an intention to impose strict life well just to make it clear for the record this is not only a felony offense it's a non-probationable felony offense is it not absolutely your honor and that's uh that requires some labyrinthine statutory construction uh to find that out it was not apparent until just before trial to the parties and we see in the record at sentencing that the trial court was honestly dismayed at the fact that it was a non-probational felony the trial court spoke at great length about its desire to impose some kind of non-custodial sentence so this is a serious charge carrying serious punishment and that especially for someone like my client who doesn't have a substantial criminal record um that that tends to show that this is not an absolute liability statute we also in comparison to other statutes that are in play as well which is that this is about a constitutional right that the state cited repeatedly in its briefs to driving with license revoked driving um without your insurance things like that those are canonical law school examples of strict liability statutes um the the officer that pulls you over for going 75 in a 70 doesn't have to prove that you knew you were going 75 and that makes sense but at the same time the driving statutes are meant to confer a privilege the default adult person in illinois of sound mind and sound body can't get behind the wheel unless they've gone through the procedures of acquiring a driver's license and insurance well the foyd act doesn't impose a privilege it controls enforces and organizes a constitutional right the default adult person in the united states of sound mind and body not only has the ability but the constitutional right to protect uh to possess a firearm whether in the home or outside of the home for self-defense and so here what we have is if the foyd act is strict liability then all of a sudden this constitutional right could turn from a constitutional right into a non-probationable felony without someone's knowledge of that happening and that simply can't be the case especially in light of the statutory command that absolute liability in a serious case needs to be clearly specified by the legislature there's no indication of that clear intent here so with the statute not imposing absolute liability then we go to clearly specify that negligence is not enough there needs to be recklessness there needs to be disregard of a risk of something happening in a way that that disregard is a gross deviation from the standard of care that a reasonable person would show well mr peterson can you just walk us through what you think a case should look like in terms of the presentation of proof what the uh the burden uh would be on the state in terms of establishing uh the uh the requisite mens rea that you're arguing here what kind of proof would be necessary well for one thing your honor they could show that they actually did mail notice of the ratification there's actually no evidence in this case that they ever did mail it only that they had the right address and it would have gone out and in all the civil cases all the civil and i want to the state sites where having the right address and saying that it usually gets mailed under business practices raises a presumption of receipt denial of receipt raises a fact issue so for one thing i would want the state to go through the usual business records evidence i'd want them to say uh we've got a note here in our files that we mailed it to her and we had her mens rea that could be handled the way that every other mens rea case is handled if if ms fields wanted to get up on the stand and say i never got notice of this i thought that my void would only get revoked if i got convicted the jury would get to decide if she was sincere the jury would get to decide if that belief was reasonable these would all become fact questions from the jury for the jury but here the trial court treated as strict liability so you're basically arguing then that she had to know that her void card was revoked no or be reckless about it and for instance if she had been convicted of a felony uh and the trial court upon convicting her of that felony and imposing sentence informed her of all the usual collateral consequences that trial courts inform defendants of they might lose their gun rights they might risk deportation all that and then she said well i never got that form so i assumed that they probably just kept my void valid that would be an example of recklessness but actually here what what actually triggered her revocation as a matter of fact is complicated enough that i as a trained lawyer had to spend several hours days possibly even weeks figuring it out the federal the void statute that caused the revocation is one that says that if you are prohibited from acquiring or possessing firearms by federal law you lose your void now the federal law in question does not prohibit misfields from possessing a firearm the federal gun control act forbids acquisition or sale of a firearm when you're charged with felony it only forbids possession when you're convicted and and that makes sense the the federal courts obviously don't want someone charged with felony and possession who knows that their gun will be forfeited to immediately sell it or give it to their neighbor so this is a situation where an illinois law triggered a provision of federal law that was itself triggered by a provision of where it's complicated enough that it took me a major struggle to work it out with my colleagues misfield is a lay person she would absolutely be within the normal realm of standards of care for thinking i have a constitutional right to do this i keep my constitutional rights until i am of the fact that she was ever notified of the revocation the evidence we have is that miss fields the first moment she was told she couldn't have her gun the justice system's response to that was not to take her gun it was to take her gun and convict her of a non-probationable felony mr peterson uh the sentencing provision under section 14 says that the class she's guilty of class 3 felony uh if her floyd card is subject to revocation under section 8 how do you explain that that raises the same problems frankly your honor it raises the problems even more about constitutional rights and this is both the second amendment and the fifth amendment due process to the extent that the floyd act says that becoming sudden subject to revocation leads one to automatically can commit a non-probational felony then we we would submit that that's unconstitutional that that would mean that if a federal grand jury in miami florida had returned an indictment against miss fields she would have immediately become guilty of a non-probational felony whether or not they told her and we can see that this isn't what the the statutory framework is being interpreted as by the illinois state police either we see these two police officers in the car on the video discussing back and forth she must have been told she would have been notified she absolutely would have been we had at trial uh a records technician from the illinois state police talk about the process if becoming subject to revocation was enough to we wouldn't have seen that testimony frankly i'm not sure that that position would even exist in the illinois state police they they could simply come and arrest you the moment you become subject to revocation they wouldn't bother to tell you so what what i've put before this court as i see it is a way to read the foyd act without its constitutionality becoming suspect with a strict liability version of the foyd act absolutely raises both second and fifth amendment concerns a non-strict liability of the foyd act still has teeth still enforces the regulations that illinois legislature intended it to enforce but doesn't impose absolute liability and doesn't sweep in more than it constitutionally can sorry are you going to end up here an argument saying that the mens rea should be reckless yes your honor um although with the default rules if there was this kind of goes against the logic but if there was somehow um proof of absolute knowledge without proof of recklessness the knowledge would be enough the default rules say that any mens rea specified except for negligence is enough but just with your your standard model penal code understanding of how the the mens rea states work uh recklessness would be the lowest bar that the to clear it here miss fields had an absolutely reasonable understanding of how the charges in her other case would interact with her right to have a gun she and her other case was was not a gun case so that's that's not even a consideration here she simply had the belief that i have this constitutional right i've gotten my foyd i've on the video the moment she tells the officer that she has that it's her gun she says i've got my foyd i've got my concealed carry they're over there in my wallet and he goes and gets them so in her mind she's not only possessed of this constitutional right to bear firearms but she's following illinois's rules and no one's told her otherwise counsel yes i just want to interject a quick question so if there's the type of evidence using business record exception that there was notice it was sent to the house um there's presumption that she would have received it what happens to your position it would weaken your honor it would well i guess maybe i should ask it this way with the state of minutes burden we didn't we know it didn't happen here i'm not trying to put you in the spot no proof of it i should say with proof for instance that it was properly mailed let let's say even that there's proof that um a few weeks after the charges in her other case after the preliminary hearing in her other case there was proof that miss fields had received an envelope from the illinois state police firearms division and she'd left it there in a stack of unopened mail that might be proof of recklessness your honor the state could concede not necessarily enough to convince this particular jury of course but to meet the jackson versus virginia standard and make it so that a reasonable jury could have convicted yes but in that case miss if that were true miss fields has been denied a chance to present a defense to this element she wanted to get up there and testify that she hadn't she wanted to put her credibility up against the officers and i think that this court can see very well in this record that there was room for the jury to believe her and there was room for the jury to believe the officer if that were the case there wasn't so in that position if if there had been that kind of evidence then i think it would be entirely conceivable that this court would remand for a new trial with directions that the the state's motion eliminate to bar that testimony be denied but what we had here wasn't even that we had a we usually send these out they would have been mailed and um in a in a civil trial you'd you'd uh the person from your records division to say yeah we send them out you know i've got the the log i always do this we didn't have that in this case so it's it's not enough even to meet the civil versions of the business records exemption but but also um as i as i stated previously if the state had done that and miss fields had denied receipt that would have become a question of fact for the jury and the jury was was denied that opportunity here so if this court doesn't have uh further questions i i think i would rest on my briefs and i'll be happy to answer any further questions at rebuttal yeah you didn't address the the stop itself and the denial of the motion to suppress i know you wanted to get in uh the uh the argument that you just did uh but i do want to ask you about uh the uh the sufficiency of the evidence regarding uh uh the the stop reasonable suspicion here we have the officer's testimony that the exhaust was loud yes you have a video that has an audio portion to it and which was played uh that was only of the uh the uh the uh the uh the car's engine the vehicle's engine being rubbed on the shoulder how do we know why should we presume that the officer did not hear a very loud engine noise as that vehicle passed him at highway speed what it seems like uh uh you're uh the officer's testimony uh um in a vacuum here because this video of what happened on the shoulder doesn't directly bear on what he also testified to regarding the vehicle at highway speed um your honor both the officer and the judge thought that it did directly bear on the previous noises there's there's no claim in the record that it was louder when it was moving than when it looked we're uh we we all know uh that uh a vehicle's engine at highway speed rpms is uh going to be louder than what we heard on the uh the shoulder there it doesn't replicate what the officer heard uh so i don't think you can uh uh uh put them in that small of a box uh here your honor when she revs her engine on the side of the road the officer's reaction is there it is don't you see he's he's pointing out the noise he's pointing out what he describes uh later as as loud as a motorcycle a gurgling noise that is i believe he testifies louder than a 2008 ford suv specifically should be he's pegging the noise that is on the tape to the noise when the car was moving and saying that's the same thing that's the problem that's what gave me suspicion to stop you um so even by the officer's own testimony it should be there on the tape if it exists this court has its testimony uh has the officer's testimony that he saw the violation right away decided not to make a stop and i see my time's expiring um may i briefly finish the that he decided not to make the stop then he saw my client and he found her lack of suspicious behavior suspicious he saw her her desire to continue singing this is this this uh in 2019 the 4th of july was on a thursday this is the saturday of 4th of july weekend she's on her way back she's singing along to the radio and the officer testified that her normal unfrightened behavior caught his eye and seemed weird that's such compelling evidence of pretext that it should come to bear on the rest of the officer's testimony but i would especially point this court to the fact that the officer described it as one noise that he heard three times not three different noises so your honors are in the position to view the noise for yourself and apply de novo review to what you hear thank you okay thank you you will have rebuttal uh mr noky please hey please of course counsel the uh the i want to respond to the court's last question to begin with um it appears that uh it appears that counsel tends to concede that uh what is at issue here is the the sound that the vehicle was making before the officer stopped it and and that's not something this court can can really review um can the court hear me i'm having a little difficulty if you could speak up just a little it would um help me okay um so that's really that's really what the issue is what the officer heard while the vehicle was traveling at highway speed um and it in the court's ruling uh the trial court recognized that that that's that's what uh had to be the the basis for the officer's stop and the state submits uh that the officer's testimony was sufficient to support the stop um from that point on um everything that was discovered was um you know just a cascade of events really um also want to address as counsel did the the initial um questions that the court had in supplemental briefing and um what i've got from our our review was that uh section uh 2a1 is is a predicate provision for number of different uh a number of different offenses under the coy card act um one of those being the class 3 felony the defendant was charged with um it's as uh was came out in questioning um that that provision provides that uh a person could be charged even if they're subject to uh revocation which it seems to me goes to the issue of whether they would have to have uh prior notice um for instance if they just engaged in conduct which would support revocation and and they knew they engaged in conduct that the uh i think i think there's sufficient evidence um that defendant knew she was revoked or that she was subject to revocation um just from her conduct on the video um she she reluctantly conceded various things and she reluctantly conceded various uh things on on the on the discovery of the of the firearm um eventually she said oh i might have uh a gun in the vehicle as if one wouldn't know where their gun was um then later on that she she said she um thought after she found out that the officer advised her that she was revoked she said oh i thought we had to have a conviction there must have been some inquiry on her part um because of her previous conduct or a previous status um that that council council counterject question please i mean it seems to be conjecture because without a free full you know admission we're we're sort of sussing out the defendant's knowledge i mean it's short of an admission how does that get you there in terms of a notice understanding of the violation i mean a defendant's actions without explain that to me well i mean it seems the defendant was was hesitant throughout the encounter um to first advise the officer that she had a weapon then then she said well she might have a weapon and then oh i didn't know that i i didn't know that i could have a weapon uh barring a conviction is i guess my answer to that um sometimes um sometimes you can tell things and i know i i said at one in our in our brief that uh the evidence that she knew was overwhelming and i based that on on uh really the just a common perception of uh a common perception of uh you know how someone acts or um under certain circumstances um for example it might be evident to the court that uh oral argument is not the most comfortable thing for me um i'd rather uh be briefing but um that same that same observation is something that the jury could have made in the video how did she act when she was advised that the state the officers knew that she had been revoked i mean she acted in such a way that that it was obvious that she knew that she had been revoked um going to the notice um requirement um and notice that uh the testifying investigator on behalf of the state said that notice would have been mailed to her um the state would submit that's sufficient to show that it was mailed to her i don't want to get into a discussion maybe of what is how you define is that type of thing but i think that's sufficient to show that it was mailed simply the statement that it should have been or normally mailed is sufficient is that your position that's my position um well did the defendant uh did the defendant make that argument to the trial court that i'm sorry that the defendant make an argument to the trial court that the notice was not mailed he did not and and i noticed i note that the statute provides for a legislature could have asked provided for a notice by certified or certified mail or registered mail but it didn't so that's obviously the notice that the legislator legislature thought was sufficient um and and what would defend what would defend that uh if they had a correct address notice would have gone to that address what would her what would her defense be i didn't pick up my mail it didn't get there um any defendant could claim that because only regular mail was specified by the legislature um with respect to there's been some suggestions that the statute construed the way the state to suggest would be unconstitutional or at least there are have suggestions in this argument it just it i would note that the the defendant did not um mount an outright um constitutional challenge to the statute as as written um i also note the defendant doesn't uh claim that that she wasn't revoked um so those two things i think should be noted um mr naki at pages 27 and 28 of uh defendant's brief she uh set forth a uh a scenario involving a grandmother who uh uh with certain facts added to it results in a conviction of a class three felony do you remember that uh i do recall that and i frankly i can't recall if you responded to that uh in the uh uh the brief uh in your brief uh but can you just tell us here where she gets that where she gets it wrong or or do you agree uh that there could be a situation uh a scenario similar to what she uh where uh uh the uh the court would uh where the defendant would be subject to absolute liability and you remember this is a uh the grandmother uh is a patient in a mental health facility for she voluntarily checks in for a very short period of time for early stage alzheimer's a week later with a clean bill of health doesn't uh uh report it uh uh and she doesn't set up a forwarding address uh uh uh that's a second part of this and uh the uh the conduct then i guess would uh expose her to the non-probational non-probationable class three felony um i i don't really have a response a response to that insofar as that hypothetical but we don't we don't really have that situation here i mean understood we don't have it here but uh a defendant is uh suggesting based on uh the state is making here uh that this could be a possible uh result uh given the uh the facts and it's not you know too far out of the the realm of possibility it's not you know that aliens have landed on earth this is this is something that you know possibly could happen and so i'm just wondering if you had an answer uh to that um i do not other than um the legislature has provided for notification by regular mail um that's what the legislature thought was sufficient it seems like that supports in at least to some degree the state's argument that this would be an absolute liability offense i go back you know i have to go back i guess to the uh the wording of the the statute that the the state set forth at least the the um this part that uh requires the that deals with the punitive uh portion that the person could be liable um in the event that they were subject to um revocation um as far as determining legislative intent what what does that mean i mean if it's easy if you want to give it any meaning at all it means that the person would be subject to liability um without without notice if they commit certain conduct they're they're subject to this liability um that's that's the answer i can give thank you um i certainly entertained any other questions the court has but uh otherwise i would just stand on the arguments in the brief and and invite any other questions the court might have if if none then i would just ask that this court to affirm the defendant's conviction i don't see any other questions uh any rebuttal yes your honor thank you i i'd like to start out first of all with the point that the state and i do agree on um council spoke of the cascade of events in the stop um we do agree that everything that happened between the initial stop and the finding of the firearm uh we we agree that that was all constitutionally acceptable if the initial stop was supported by reasonable reasonable suspicion instead of mere pretext then everything did chain together properly we're not raising any kind of fourth amendment challenge about the investigation of the order of protection or the smell of marijuana anything like that um secondly to some extent i i believe counsel for the other side is arguing about the meaning of the word is because when miss field said that she might have a gun the state is distinguishing between i might have a gun and i do have a gun yet when this records technician says it would have been sent the state's saying that's functionally the same as it is sent it is third of all i'd like to deal with the issue of miss field's hesitancy and counsel let me stop you there i'm asking the same question um that i asked opposing counsel maybe i posed it to you i don't remember but um what exactly did the defendant argue to the trial court about whether the notice was sent did the defendant argue that it was not sent or did uh the state just get by this very loose testimony that would have been sent and that was never challenged that's what i'm trying to figure out she wasn't given the opportunity to challenge it your honor the state made a motion in lemonade to bar her testimony about whether or not she knew of the revocation and once that motion in limiting was granted she chose not to testify because in her words there wouldn't be a point so when the state's witness says it would have been sent defense counsel couldn't have objected i mean you can't challenge that statement like what do you mean it would have been sent was it sent that's what's critical here was that challenge made to that general testimony i'm not i'm not entirely sure your honor but i i believe it was not um because also by the time closing arguments had happened defense counsel had been informed that her statute so the the objection at that point would have been futile it the trial court had already said her knowledge doesn't matter here so the issue of whether or not it's sent it only matters if the trial court reads the statute correctly instead of the way it did so so that that challenge would have been entirely futile um as a trial court read the statute incorrectly the trial court essentially read it as absolute liability your honor the trials trial courts the two elements of the crime here were knowing possession of the firearm and the fact of the revocation so at that ruling makes the issue of whether or not it was actually sent irrelevant it makes it not a thing that defense counsel could have fought once he lost that ruling well you still have the possession knowing possession of the firearm that's a mental element that's right your honor okay so it can't be absolute liability according to the case law uh the the case law specifies your honor that these default mens rea rules have a different uh default for possession elements possession with no mens rea illicit is presumed to be knowing possession required all of the other elements are the ones where recklessness or more is required what case says that uh it's it's in the statute your honor and it's the yes so that comes from the default rules saying there's sections uh four four four five four six and four seven explain the meanings of these rules and the rest of that section all of the four dashes say possession we we read in the word knowing all other elements we read in more than certain conduct constitutes an offense or knowledge of the existence meaning or application of the statute defining an offense is not an element of the offense so if one of those factors in section eight occurs that's in the statute and that section tells me that your client is you seem to be arguing is that would be um or ignorance of the law which is not the defense where am i wrong there you can i i believe thank you your honor i i believe what we're dealing with here is the difference about whether she knew that keeping her firearm once she was revoked would be illegal versus whether or not she knew that she was revoked i i think she like any other law-abiding citizen would know if your right to possess a gun has been revoked that that becomes illegal so that that's what subsection c is doing there it's um it's saying you can't raise as a defense the fact that you didn't know that this was banned by statute she knew that possessing her gun if she were revoked was illegal she didn't know that she was revoked how about subject to revocation the subject to ratification i i think reading the renders that provision dead letter um speaking of this grandmother that i brought up in my brief i'd like to speak about that particular um reason for revocation okay you are technically out of time but i do want to hear your response because justice harris asked that question and it's a very good question and i would like to get your side thank you your honor and i'll keep it very short um the 430 ilc 65 8c the mental health where you voluntarily check in provision allows a doctor to certify that you're not a harm to yourself or others and that it makes your void no longer subject to revocation the period between your check-in and doctor's certification if that subject to revocation provision has any real teeth is a period where at any moment a state can arrest you for a non-probationable felony if the the statute as a whole has a provision where something could look like it's leading towards revocation and then pulled back reading subject to ratification as triggering a non-probational felony writes that out of the statute as well there are no further questions thank you uh justice kavanaugh justice harris you have questions either of you no thank you okay i guess that concludes the arguments thanks to both of you uh the case is submitted and the court stands in recess